## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TORREY TYREE LEWIS | : CIVIL ACTION |
| | : |
| v. | : NO. 19-4408 |
| | : |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, *et al.* | : |

## **MEMORANDUM**

**KEARNEY, J.** **January 23, 2020**

Prisoner Torrey Tyree Lewis self-identified as a "Petitioner as of Right" seeking "to challenge and set straight the jurisdiction of the Court on error of [a state court criminal] conviction"[1] *pro se* claims state court judges, prosecutors, a detective and his former criminal defense lawyer violated his rights relating to two criminal convictions in Delaware County. He seeks to overturn his convictions based on "violation[s] of Constitutionally-Protected Rights, Due Process violation[s], Administrative Procedures violation[s], Judicial Procedures violation[s], violation[s] of the Trading with the Enemy Act[,] and violation[s] of the Federal Debt Collection Procedure under 28 [U.S.C.] chapter 176."[2] He sued the Commonwealth of Pennsylvania, Delaware County, Delaware County Court of Common Pleas Judges Anthony Scanlon, Kevin Kelly, and Deborah Krull, Delaware County prosecutors Meaghan Rose Wagner and Gina Gorbey, Delaware County detective David Tyler, and attorney Gerald Gebhart.[3]

His claims throughout the thirty-four page *pro se* filing recite a number of legal doctrines (many times in full-text) seemingly to question the government's legitimacy.[4] He concludes: "this [C]ourt must perform its duty under the Rule of Law, do Justice, Rectum Rogare, and dismiss with prejudice and reverse CP-23-CR-0000129-2018 and CP-23-CR-0006541-2016."[5] Mr. Lewis requests "a bounty in the amount of $150 million dollars plus any amount of public debt accrued

by the private party in such a contractual agreement at such agreed time and place to settle the matter of the 'condition to pay' clause."[6]

He never pleads a fact or claim for our review. The only relationship we can discern is the Defendants played some role in his final criminal convictions at the challenged criminal dockets in Delaware County. We dismiss his claims against the judges and prosecutors challenging his state court convictions against the moving Defendants with prejudice as amendment is futile. We dismiss his remaining claims against Delaware County and Detective Tyler without prejudice to timely filing an amended complaint possibly pleading claims not barred by judicial or prosecutorial immunity or the *Heck v. Humphrey* doctrine.

**I.    Analysis**

Five of the seven named defendants now move to dismiss the Amended Complaint. Delaware County, Detective Tyler, and Prosecutors Wagner and Gorbey moved to dismiss on December 12, 2019 under Federal Rule of Civil Procedure 12(b)(6).[7] About ten days later, Judges Kelly, Scanlon, and Krull also moved to dismiss under Rule 12(b)(6).[8]

Moving Defendants argue we should take judicial notice of public facts relating to Mr. Lewis's two cited criminal convictions because the public record reveals each Defendant's involvement in Mr. Lewis's criminal proceedings. Moving Defendants further argue we should dismiss the Amended Complaint because it (1) fails to allege facts in support of a cause of action; (2) is barred by judicial and prosecutorial immunity doctrines; and, (3) is barred by the Supreme Court's ruling in *Heck v. Humphrey*.[9] We agree with the Moving Defendants as to the civil rights claims and dismiss those claims, as well as all claims against judges and prosecutors, with prejudice. While we dismiss for failing to state a claim, we grant the Plaintiff leave to timely

2

amend if he can plausibly plead claims against Detective Tyler and Delaware County not otherwise barred.

## A. We take judicial notice of facts evidencing the parties' relationship.

"[I]n addition to the complaint itself, the court can review documents attached to the complaint and matters of public record."[10] We review and take notice of the two criminal dockets in the public record cited by Mr. Lewis in his Amended Complaint.

The first case, *Commonwealth v. Torrey Tyree Lewis*, addresses Mr. Lewis's November 2017 conviction for firearms not be carried without a license (18 P.S. § 6106).[11] Delaware County Assistant District Attorney Meaghan Rose Wagner prosecuted Mr. Lewis.[12] Delaware County Court of Common Pleas Judge Kevin F. Kelly presided over the proceedings.[13] Attorney Gerald Gebhart represented Mr. Lewis.[14] A jury found Mr. Lewis guilty of firearms not be carried without a license on November 17, 2017.[15] Judge Kelly sentenced Mr. Lewis to seventeen days imprisonment on February 2, 2018.[16] There is no record of Mr. Lewis appealing this verdict.[17] It appears to be a final Order.

The second case, *Commonwealth v. Torrey Tyree Lewis*, represents Mr. Lewis's September 2018 conviction for giving false identification to purchase a firearm (18 P.S. § 6116).[18] Detective David J. Tyler arrested Mr. Lewis for this offense on November 21, 2017.[19] The docket lists Delaware County Magisterial Judge Deborah A. Krull as the "Initial Issuing Authority" and "Final Issuing Authority."[20] Delaware County Assistant District Attorney Gina Gorbey prosecuted Mr. Lewis.[21] Delaware County Court of Common Pleas Judge Anthony Scanlon presided over the proceedings.[22] Mr. Lewis pled guilty to the charge on September 10, 2018.[23] Judge Scanlon sentenced Mr. Lewis to a minimum forty-five day sentence.[24] There is no record of Mr. Lewis appealing this result.[25] It appears to be a final Order.

3

Delaware County Court of Common Pleas Judges Kelly and Scanlon are given "unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."[26] Magistrate Judge Krull "handle[s] all traffic cases, other minor criminal cases and civil cases involving amounts up to $12,000 . . . . [and] also set[s] bail and conduct[s] preliminary hearings in misdemeanor and felony criminal cases to determine if the cases should be dismissed or transferred to the Court of Common Pleas for further proceedings."[27] Delaware County prosecutors Wagner and Gorbey are responsible for prosecuting criminal offenses occurring in Delaware County.[28]

**B.     Mr. Lewis fails to allege facts to support a cause of action under Rule 8(b).**

Moving Defendants argue Mr. Lewis fails to state facts supporting a claim. The Supreme Court directs a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."[29] We are nonetheless directed to review the pleading to ensure it has "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face."[30] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[31]

We must inspect whether Mr. Lewis's Amended Complaint contains sufficient factual matter to state a plausible claim to relief under Rule 8. A detailed and liberal review reveals it does not. Mr. Lewis does not plead facts about any single defendant. He does not reference the individual defendants by name. Even liberally reading the Amended Complaint, we cannot decipher a liability theory, no less understand a theory specific to a defendant. Mr. Lewis only submits unadorned, defendants-unlawfully-harmed-me accusations. The Supreme Court instructs

4

such assertions do not suffice. There are no asserted facts allowing us to interpret a plausible cause of action. We must dismiss.

## C. Permitting Mr. Lewis to file a second amended complaint seeking to overturn his state criminal convictions is futile.

The issue is whether to dismiss Mr. Lewis's claims with prejudice. Finding Mr. Lewis fails to state a claim in the Amended Complaint, we must determine whether to grant Mr. Lewis leave to file a second amended complaint. Our Court of Appeals instructs "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."[32] We consider whether allowing Mr. Lewis to amend would be futile.[33] We find amendment would be futile if based on an effort to overturn his criminal convictions. Such claims are barred because judges and prosecutors enjoy sovereign immunity for judicial and prosecutorial functions and by the rule announced in *Heck v. Humphrey*.

### 1. Judges and prosecutors are immune in their official capacities.

We first inspect the immunity arguments raised by Judges Kelly, Scanlon, and Krull and prosecutors Wagner and Gorbey. The Supreme Court recognizes absolute immunity for those performing judicial, legislative, and prosecutorial functions. Judicial and prosecutorial immunities are separate doctrines. We review the applicability of each.

#### i. Judges Kelly, Scanlon, and Krull are immune from suit.

Judges Kelly, Scanlon, and Krull argue they have judicial immunity. The Supreme Court held in *Stump v. Sparkman* judges are immune from suits when performing judicial functions unless acting in the "clear absence of all jurisdiction."[34] In *Stump*, the mother of a fifteen-year-old girl went to the chambers of an Indiana state court judge and asked the judge to order her daughter to have a tubal ligation. The mother said she believed her daughter had been staying out

5

overnight with older men and sterilizing her would "prevent unfortunate circumstances."[35] The judge, despite lacking authority, granted the order. The daughter received the operation after being told she needed to have her appendix removed. She learned the true nature of the operation two years later after getting married and being unable to conceive a child. She then sued, among others, the judge who granted the order compelling the operation.

The Supreme Court considered whether the Indiana state judge possessed immunity from the daughter's claims. The Court found he did. The Court looked to the broad grant of jurisdiction given to Indiana state court judges and dismissed the judge denying the daughter her due process rights as a procedural error. The Court instructed: "A judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors."[36] The Court also held a judge does not lose immunity because the action is "unfair" or controversial.[37] When applying the lessons of *Stump*, our Court of Appeals directs the "analysis must focus on the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision."[38]

Mr. Lewis seeks redress for 2017 and 2018 criminal convictions. He sues Judges Kelly and Scanlon who presided over the two proceedings resulting in convictions and Magistrate Judge Krull who acted as the "Final Issuing Authority" in the case assigned to Judge Scanlon.[39] While Mr. Lewis fails to plead specific facts against any of the three judges, we presume his issues stem from the general nature of the three judges' handling of his cases in their judicial capacity.

The Supreme Court provides immunity from suit for judges acting in the judicial capacity unless the judge acts in the "clear absence of all jurisdiction." Mr. Lewis fails to plead facts allowing us to infer these three judges acted in the absence of any jurisdiction. Judges Kelly and Scanlon enjoy "unlimited original jurisdiction of all actions and proceedings"[40] and clearly possess

the authority to preside over criminal charges brought by the Delaware County District Attorney's Office. Judge Krull has authority to "conduct preliminary hearings in misdemeanor and felony criminal cases to determine if the cases should be dismissed or transferred to the Court of Common Pleas for further proceedings."[41] According to the criminal dockets, and without facts to the contrary, all three judges acted well within their jurisdiction. We see no possibility the judges acted outside of the clear absence of jurisdiction. We dismiss claims against the judges with prejudice as amendment is futile.[42]

### ii. Prosecutors Wagner and Gorbey are immune from suit.

Prosecutors Wagner and Gorbey seek dismissal under the doctrine of prosecutorial immunity. The Supreme Court in *Imbler v. Pachtman* held state prosecutors are immune from suit based on actions taken in the performance of their prosecutorial duties.[43] In his thirty-four-page complaint, Mr. Lewis fails to allege why his criminal convictions should be overturned beyond confusing arguments about social contracts and public debt. The public record shows Prosecutors Wagner and Gorbey are named as the Assistant District Attorneys who pursued the charges against Mr. Lewis. Prosecutors Wagner and Gorbey are immune from suit for prosecuting cases. Failing to allege facts to indicate Prosecutors Wagner and Gorbey acted outside of their prosecutorial capacity, amendment is futile.

### 2. Mr. Lewis's present claims are barred by *Heck v. Humphrey*.

Mr. Lewis challenges his state court convictions. The Supreme Court's *Heck v. Humphrey* decision typically bars such challenges.[44] In *Heck*, an inmate sued county prosecutors and a state police investigator alleging his conviction violated his constitutional rights. The Court upheld dismissal of the inmates' action. Justice Scalia explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

7

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.[45]

Similar to the inmate in *Heck*, Mr. Lewis asks for reversal of his criminal convictions and for monetary damages.[46] A judgment in Mr. Lewis' favor would necessarily imply the invalidity of his conviction or sentence. Mr. Lewis cannot show his convictions have been invalidated. He does not plead facts showing his convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Our review of the dockets of the Pennsylvania's Unified Judicial System confirm Mr. Lewis has not directly appealed either conviction. Under *Heck*, Mr. Lewis's claims are barred. Amendment is futile. We dismiss the case as to all Moving Defendants with prejudice.

## D. Mr. Lewis may timely amend to plead claims against the County and Detective Tyler not otherwise barred by immunity or *Heck v. Humphrey*.

Delaware County and Detective Tyler correctly argue Mr. Lewis fails to plead facts to support a claim. But as we noted above, we cannot dismiss the complaint against them with prejudice until we find amendment would be futile. Delaware County and Detective Tyler only argue any amendment would be futile because Mr. Lewis's sues for criminal cases "in which he stands convicted."[47] We interpret this argument as invoking the *Heck v. Humphrey* doctrine. We

8

discussed *Heck* in the last section. *Heck* bars claims challenging the validity of a conviction for claims brought under Section 1983. We find Mr. Lewis's Amended Complaint difficult to understand but cannot assuredly say each referenced statute seeks to challenge the validity of his sentence for claims brought under Section 1983. Given our "leeway to *pro se* litigants,"[48] we allow Mr. Lewis the opportunity to file a second amended complaint to plead facts supporting a cause of action not barred by immunity or the *Heck v. Humphrey* doctrine.

## II. Conclusion

First taking judicial notice of public facts, Mr. Lewis sues individuals and entities involved in his 2017 and 2018 state criminal convictions. We then inspected the merits of the Moving Defendants' Motions. Mr. Lewis fails to allege facts to support a cause of action. Leave to amend the civil rights claims is futile because Judges Kelly, Scanlon, and Krull and Prosecutors Wagner and Gorbey are immune from suit and *Heck v. Humphrey* bars Mr. Lewis's civil rights claims stemming from criminal convictions. We dismiss claims against Judges Kelly, Scanlon and Krull, and Prosecutors Gorbey and Wagner with prejudice as Mr. Lewis fails to state a claim and amendment is futile. We dismiss claims against Delaware County and Detective Tyler but grant Mr. Lewis leave to timely amend should he be able to plead a claim not barred by immunity or *Heck v. Humphrey.*

---

[1] ECF Doc. No. 3 at p. 3.

[2] *Id.*

[3] ECF Doc. No. 1. Plaintiff has yet to show service upon the Commonwealth and Attorney Gebhart. Should Plaintiff timely amend under our accompanying Order and include these two parties before effecting service upon them, our Clerk of Court will issue new summons for service of the Amended Complaint affording him additional time for service.

[4] ECF Doc. No. 3 at pp. 7-9.

9

[5] *Id.* at p. 31.

[6] *Id.* at p. 7.

[7] ECF Doc. No. 8. These movants style their motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) but do not argue we lack subject matter jurisdiction over this action in their briefing. While we have an independent basis to vigilantly ensure our limited subject matter jurisdiction, we have no basis to find we lack subject matter jurisdiction at this stage.

[8] ECF Doc. No. 10.

[9] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[10] *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (citing *Lum v. Bank of America,* 361 F.3d 217, 221 n. 3 (3d Cir. 2004)).

[11] *Commonwealth v. Lewis*, CP-23-CR-0006541-2016 (C.C.P. Delaware County).

[12] *Id.* at p. 6 of 16.

[13] *Id.* at pp. 7-12 of 16.

[14] *Id.* at p. 9 of 16. Gerald Gebhart is an attorney practicing in the Commonwealth of Pennsylvania. *See* The Disciplinary Board of the Supreme Court of Pennsylvania, https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/207978 (last visited January 16, 2020).

[15] *Id.* at p. 8 of 16.

[16] *Id.* at pp. 4, 12 of 16.

[17] Pennsylvania Superior Court Docket Search, https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx (click dropdown on "Search Type" bar; choose "Court Name"; click "Court Name" dropdown option; select "Superior;" in "Party Last Name," type "Lewis;" in "Party First Name" type "Torrey;" click "Search") (yielding no results).

[18] *Commonwealth v. Lewis*, CP-23-CR-0000129-2018 (C.C.P. Delaware County).

[19] *Id.* at p. 1 of 10.

[20] *Id.*

[21] *Id.* at p. 3 of 10.

[22] *Id.* at pp. 4-8 of 10.

[23] *Id.* at p. 3 of 10.

[24] *Id.*

[25] Pennsylvania Superior Court Docket Search, https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx (click dropdown on "Search Type" bar; choose "Court Name"; click "Court Name" dropdown option; select "Superior;" in "Party Last Name," type "Lewis;" in "Party First Name" type "Torrey;" click "Search") (yielding no results).

[26] 42 Pa.C.S. § 911.

[27] Magisterial District Judges, Delaware County Court of Common Pleas, https://www.delcopa.gov/courts/districtjudges/index.html (last visited January 21, 2020).

[28] *Cf.* General Structure, Montgomery County, https://www.montcopa.org/1823/General-Structure (last visited January 21, 2020).

[29] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[30] *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), *as amended* (Mar. 24, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

[31] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007)).

[32] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

[33] We only review the futility as we do not believe there would be any inequity of allowing Mr. Lewis the opportunity, given his *pro se* status, to file a second amended complaint asserting non-futile claims.

[34] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

[35] *Stump*, 435 U.S. at 358.

[36] *Id.* at 363.

[37] *Id.* at 363-64 ("Disagreement with the action taken by the judge ... does not justify depriving that judge of his immunity . . . . The fact that the issue before the judge is a controversial one is all the more reason that he should be able to act without fear of suit.").

[38] *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 769 (3d Cir. 2000) (citing *Mireles*, 502 U.S. at 9).

[39] Magisterial District Judge Krull is also protected by judicial immunity. *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000) (concluding that magisterial district judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity).

[40] 42 Pa.C.S. § 911.

[41] Magisterial District Judges, Delaware County Court of Common Pleas, https://www.delco-pa.gov/courts/districtjudges/index.html (last visited January 21, 2020).

[42] We note *Stump* dealt with money damages alleged against a judge. To the extent Mr. Lewis's claims include claims for injunctive relief, these claims are also barred. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006).

[43] *Imbler v. Pachtman*, 424 U.S. 409, 427-428 (1976).

[44] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[45] *Id.* (emphasis in original).

[46] Mr. Lewis claims violations of his "Constitutionally-Protected Rights" and federal laws. ECF Doc. No. 3 at p. 3. Reading Mr. Lewis's *pro se* Amended Complaint liberally, we read these claims against the state and local officials as being brought under Section 1983.

[47] ECF Doc. No. 8 at p. 6.

[48] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239 (3d Cir. 2013).