# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TORREY TYREE LEWIS | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 19-4408 |
| COMMONWEALTH OF PENNSYLVANIA, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**  **March 10, 2020**

Torrey Tyree Lewis originally *pro se* sued Delaware County judges, lawyers, detectives, the Commonwealth, and Delaware County for what we liberally construed as an undefined role in securing final criminal convictions against him in Delaware County courts. We summarily dismissed his claims against the state court judge and the county prosecutors based on his challenging his state court convictions with prejudice. But mindful of his *pro se* status, we allowed him leave to amend claims against Delaware County and the arresting Detective Tyler to possibly plead claims not barred by judicial or prosecutorial immunity or under *Heck v. Humphrey*.

In response, Mr. Lewis now returns with an amended Complaint. He fails to plead a single fact as to anything happening to him. He asserts federal jurisdiction under the Admiralty laws and otherwise claiming some right under the Suits in Admiralty Act arguing non-party United States waived judicial and sovereign immunity and consented to be sued. He claims Delaware County and the arresting detective damaged him and his property placing him in a voluntary servitude. Under the supplemental rules of Admiralty and the law of nations, he asks us to order Delaware County and the arresting detective to return all property taken from his

fiduciaries in some unknown bankruptcy case, to remove unidentified notices of liens and he and his wife are entitled to other relief.

As with his first Complaint dismissed on January 23, 2020[1], this *pro se* Complaint makes no sense. We have no idea what happened to Mr. Lewis. He somehow invokes admiralty laws for jurisdiction. We do not know how we can exercise jurisdiction.

Rule 8 of the Federal Rules of Civil Procedure requires *pro se* Plaintiffs to provide us with a short and plain statement of our jurisdiction, and a short and plain statement of the claim.[2] After two attempts, Mr. Lewis fails to do so as to the only remaining Defendants Delaware County and Detective David Tyler. He fails to meet our mandate of pleading claims not barred by judicial or prosecutorial immunity or under *Heck v. Humphrey*.[3] He fails to plead a single thing done by either Delaware County or Detective Tyler which affected him. He fails to aver how we would have subject jurisdiction based on the admiralty laws.

We grant Delaware County's and arresting Detective Tyler's motion to dismiss. As we earlier afforded Mr. Lewis an opportunity to amend leading to an amended Complaint with no fact pleading or asserted subject matter jurisdiction, we have no ability to find further amendments would be anything other than futile. We dismiss his claim with prejudice.

---

[1] ECF Doc. No. 12.

[2] Federal Rule of Civil Procedure 8(a) requires Mr. Lewis's complaint include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 573 (2007); *Miller v. Blanchard*, No. 18-2752, 2019 U.S. Dist. LEXIS 39936, at*1 (E.D. Pa. Mar. 12, 2019). Each allegation made in the pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *In re Zostavax*, No. 18-20224, 18-20251, 2019 WL 2137472, at *1 (E.D. Pa. May 3, 2019) (dismissing plaintiff's complaint for failing "to satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure"). The claim must have "facial plausibility,"

2

meaning the "plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrett*, 938 F.3d at 92, (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When evaluating the complaint, we "account for the fact" Rule 8, *Iqbal,* and *Twombly* "operate with contextual specificity." *Sweda v. Univ. of Pa.*, 923 F.3d 320, 326 (3d Cir. 2019) (citing *Renfro v. Unisys Corp.*, 671 F.3d 314, 321 (3d Cir. 2011)). Federal Rule of Civil Procedure 8 also requires "pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Harris v. Julia*, No. 18-4502, 2018 WL 5316352, at *2 (E.D. Pa. Oct. 25, 2018) (citing *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017)). Conclusory statements alleging liability are insufficient. *Iqbal*, 556 U.S. at 678-79.

"Although *pro se* complaints are to be liberally construed," this lesser standard does not protect a "*pro se* litigant from dismissal pursuant to Rule 8(a)." *Cutler v. Pelosi*, No. 19-834, 2020 WL 529895, at *2 (E.D. Pa. Feb. 3, 2020) (dismissing *pro se* plaintiff's complaint for failing to "meet the pleading requirements of Federal Rule of Civil Procedure 8(a)") (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

³ *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).